UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JAMES PHARMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:07-CV-37-TS |
| | ) | |
| WILLIAM K. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Petitioner James Pharms, a prisoner committed to the Indiana Department of Correction, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 dealing with the loss of earned credit time in a prison disciplinary hearing at the Westville Correctional Facility ("WCF"). WCF officials investigated the Petitioner for suspected involvement in trafficking. According to the Report of Investigation, institutional investigator Michael Brubaker initiated an investigation concerning the trafficking of a cell phone that had been confiscated from a friend of the Petitioner's. (Report of Investigation 1, DE 10-3.) The investigator listened to voice messages on the phone and found one that stated that a person would be visiting an inmate on Friday. (*Id.*) The Petitioner was the only inmate scheduled for a visit on Friday. (*Id.*) The investigator compared the names on the Petitioner's visiting list with the names and numbers on the cell phone and found that there were ten matches. Brubaker received a call on the cell phone from someone who asked to speak to Ashara's brother. (*Id.*) The Petitioner has a sister named Ashara. (*Id.*) Brubaker also learned that the Petitioner was a recreation partner of the inmate who had the cell phone in his possession. (*Id.*)

On August 9, 2006, Brubaker wrote a conduct report charging the Petitioner with conspiring to traffick. (Conduct Report 1, DE 10-2.) On August 29, 2006, a disciplinary hearing board ("DHB") found the Petitioner guilty of engaging in trafficking, imposed a loss of one hundred eighty days of

earned credit time, and demoted him to a lower credit time earning classification. (Report of Disc. Hr'g 1, DE 10-7.) The Petitioner appealed unsuccessfully to the superintendent and the final reviewing authority.

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 559 (1974). There also must be "some evidence" to support the decision of the prison disciplinary board. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

In his petition for writ of habeas corpus, the Petitioner asserts that there was insufficient evidence to support the finding of guilt. In his traverse, he clarifies that he wishes to present two issues. In his memorandum in support of his traverse, the Petitioner states his claims as sufficiency of the evidence and whether the charge against him was fabricated.

As for the second ground, the Petitioner alleges that "the charges brought against the petitioner charging him with 'trafficking' were not based on factual evidence, but were manufactured and fabricated." (Mem. in Supp. of Traverse 9, DE 14-2). But allegations that the conduct report was false or inaccurate states no claim upon which relief can be granted if the Petitioner received the process due under *Wolff v. McDonnell* because "as long as procedural protections are constitutionally adequate, [the Court] will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride*, 188 F.3d 784, 787

2

(7th Cir. 1999) (citing *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994)); *McKinney v. Meese*, 831 F.2d 728, 733 (7th Cir. 1987); *Hanrahan v. Lane*, 747 F.2d 1137, 1139–41 (7th Cir. 1984).

The Plaintiff asserts that there was insufficient evidence to find him guilty of conspiring to traffick. The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board. *Hill*, 472 U.S. at 455. This is a lenient standard, requiring no more than "a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."*Id.* (citing *Hill*, 472 U.S. at 455–56).

The evidence that the numbers on the confiscated cell phone corresponded with the Petitioner's visitors, that a voice message on the phone referred to a visit to an inmate on a day that the Petitioner was the only inmate scheduled to receive a visit, that the investigator received a call on the cell phone from someone who asked to speak to Ashara's brother when the Petitioner has a sister named Ashara, and that the Petitioner was a recreation partner of the inmate who had the cell phone in his possession constitutes some evidence that the Petitioner was connected to the cell phone and therefore had conspired to traffick by bringing the cell phone into the facility.

**ORDER**

For the foregoing reasons, the Court DENIES this petition.

SO ORDERED on January 3, 2008.

                                            s/ Theresa L. Springmann
                                            THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT
                                            FORT WAYNE DIVISION